IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

PATRICK L. BUMPUS, a/k/a Zakiya          )
"Kondo" Miwinyi,                         )
                                         )
          Plaintiff,                     )
                                         )          NO. 3:21-cv-00531
v.                                       )
                                         )          JUDGE RICHARDSON
CAPTAIN F/N/U PORTER, et al.,            )
                                         )
          Defendants.                    )

## MEMORANDUM OPINION AND ORDER

## BACKGROUND

On July 12, 2021, state inmate Patrick Bumpus filed a pro se complaint for alleged violation

of his civil rights pursuant to 42 U.S.C. § 1983 (Doc. No. 1) and an application for leave to proceed

in forma pauperis (IFP) (Doc. No. 2), consisting of Plaintiff's affidavit of poverty and certification

of his inmate trust fund account balance and history. Both the complaint and the affidavit of

poverty are dated June 25, 2021. (Doc. No. 1 at 24; Doc. No. 2 at 3.) The affidavit indicates no

assets or income of any kind; an account balance of zero dollars; and financial obligations of $700

to federal courts, $1,200 to state courts, and $1,500 to loan companies. (Doc. No. 2 at 2–3, 8–11.)

In signing the affidavit, Plaintiff declared under penalty of perjury that he was unable to pay the

costs of these proceedings, that the information he provided to demonstrate his poverty was true,

and that he understood "that a false statement may result in a dismissal of [his] claims." (*Id.*) The

attached certificate from an inmate trust fund account custodian and the printout of Plaintiff's

account activity confirmed an account balance of zero (*id.* at 4–5), but only as of January 22, 2021

—five months prior to the date his affidavit was executed.

Furthermore, the account custodian's certification of Plaintiff's zero-dollar balance was overwritten so as to alter the original handwritten date of the custodian's signature from "1/22/2021" to "06/22/2021." (*Compare* Doc. No. 1-6 at 3 *with* Doc. No. 2 at 4.) The Court did not at that time presume that this alteration was for a duplicitous purpose, or even that it was necessarily made by Plaintiff; nevertheless, by Order entered July 19, 2021, the Court strictly admonished Plaintiff against altering any documents in the future and gave him 30 days to file a new application, to include an updated affidavit of poverty and certified trust account statement. (Doc. No. 6).

On August 3, 2021, the Court granted Plaintiff an additional 30 days to comply with these filing requirements, and advised him that, if necessary, a signed statement detailing his efforts to procure a certified trust account statement could be filed in lieu of the account documents. (Doc. No. 8.) On September 1, Plaintiff moved for another extension of his deadline, citing the trust account custodian's failure to respond to his request for a certified account statement and arguing that permission previously granted him to proceed IFP in this Court should be grounds for granting such permission in this case. (Doc. No. 9.)

On September 8, the Court rejected Plaintiff's argument based on his successful IFP application in an earlier case and gave him one final extension of 30 days to resolve the issue of the filing fee in this case. (Doc. No. 10 at 2 & n.1.) That same day, the Court received Plaintiff's filing of an amended IFP application (Doc. No. 11), including his affidavit of poverty dated July 27, 2021 and the trust account custodian's certification dated August 27, 2021.[1]

Plaintiff's July 27 affidavit—in which he continues to declare his inability "to pay the costs of these proceedings"—is notable for its dramatic difference from his June 25 affidavit. In the

---

[1] The difference between these dates presumably demonstrates the time it took for Plaintiff's request for trust account documents to be processed.

more recent affidavit, Plaintiff for the first time reveals that he received significant income in the form of a stimulus check from the government on May 5, 2021, in the amount of $3,200. (Doc. No. 11 at 1.) He further reveals that he had $1,900 in his trust account when he executed the affidavit on July 27 (*id.* at 2), as confirmed by the attached account statement which also shows that his balance diminished from a high of $3,201.04 on May 5. (*Id.* at 4–8.) As of August 27, the date of the custodian's certification, Plaintiff's balance was $1,781.47 and his 6-month average balance was $1,008.70. (*Id.* at 3.)

## IFP APPLICATION

In light of the account balances recited above, Plaintiff can afford to prepay the $402 filing fee. His amended IFP application (Doc. No. 11) is therefore **DENIED**. Within **30 DAYS** of the entry of this Order, Plaintiff must direct payment of the entire $402 filing fee to the Clerk of Court, using the case number assigned to this matter: No. 3:21-cv-00531.

## ORDER TO SHOW CAUSE

Also within **30 DAYS** of the entry of this Order, Plaintiff must **SHOW CAUSE** why this case should not be dismissed as a sanction for his untruthful assertions of poverty. As revealed in his amended IFP application, Plaintiff received a deposit in his inmate trust fund account on May 5, 2021, in the amount of $3,201.04. Fifty-one days later, on June 25, 2021, he declared to this Court under penalty of perjury that he had no funds or assets or any kind, but only liabilities (Doc. No. 2 at 2–3, 8–11), and attempted to substantiate this declaration by reference to an altered account certification and a six-month statement that predated his receipt of government stimulus payments. Even after receiving the disqualifying documentation of his robust account balance and providing it to the Court as ordered, Plaintiff continues to seek pauper status upon the declaration

3

—again under penalty of perjury—that he is unable to prepay the filing fee, while for the first time disclosing additional liabilities related to child support. (Doc. No. 11 at 1–2.)

Under 28 U.S.C. § 1915(e)(2)(A), "notwithstanding any filing fee, or portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that . . . the allegation of poverty is untrue." *Id.* (emphasis added). "When a court determines that a plaintiff's allegations of poverty are untrue, dismissal is required under the mandatory language of the statute." *Johnson v. Working Am.*, No. 1:12cv1505, 2013 WL 3822232, at *3 (N.D. Ohio July 23, 2013) (citing *Redd v. Redmon*, 2000 WL 658291 at *1 (6th Cir. 2000) ("Section 1915(e)(2)(A) requires the district court to dismiss the case if the court determines that the allegation of poverty is untrue."); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice.")).

As demonstrated in the cases cited above, Section 1915(e)(2)(A) clearly applies to cases involving plaintiffs who were initially permitted to file IFP before the falsity of their allegation of poverty was revealed. *See also Murphy v. Clinical Sols., LLC*, No. 3:18-cv-01287, 2020 WL 428943, at *3 (M.D. Tenn. Jan. 28, 2020) (noting that § 1915(e)(2)(A) "pertain[s] to cases filed *in forma pauperis*"). But even where, as here, the case has not yet been filed IFP, the Court must guard against "abuse of the judicial system" by a plaintiff who deliberately conceals income in a bad-faith attempt to avoid prepaying the filing fee, *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012), and may properly require an explanation under Rule 11 of the Federal Rules of Civil Procedure where such misconduct appears from the face of the plaintiff's filings. *See Emrit v. Yahoo! Inc.*, No. C 13-5951 SBA, 2014 WL 3841015, at *1 (N.D. Cal. Aug. 4, 2014) (reciting that case was dismissed after issuance of order "to show cause why this action

4

should not be dismissed with prejudice for the filing of a false IFP application"; denying relief

from judgment of dismissal under § 1915(e)(2)(A) and Rule 11(b)). As noted by the district court

in *Emrit*,

> Rule 11(b) requires an unrepresented party to certify that any paper presented to the
> Court is not being presented for an improper purpose and contains, among other
> things, factual contentions that have evidentiary support. Fed. R. Civ. P. 11(b). The
> Court is permitted under Rule 11 to impose sanctions sua sponte "after notice and
> a reasonable opportunity to respond." Fed. R. Civ. P. 11(c)(1); *see also* Fed. R. Civ.
> P. 11(c)(3) ("On its own, the court may order a[ ] . . . party to show cause why
> conduct specifically described in the order has not violated Rule 11(b).").

*Id.* at *3 n.8.

In sum, within 30 days of the entry of this Order, Plaintiff **MUST** pay the entire $402 filing

fee and **MUST SHOW CAUSE** why this case should not be dismissed with prejudice as a sanction

for his false allegation of poverty.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE

5