IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PATRICK L. BUMPUS, a/k/a Zakiya "Kondo" Miwinyi, | ) ) ) | |
| Plaintiff, | ) ) | |
| | ) | NO. 3:21-cv-00531 |
| v. | ) ) | |
| | ) | JUDGE RICHARDSON |
| CAPTAIN F/N/U PORTER, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

By Order entered September 22, 2021 (Doc. No. 12), the Court denied state inmate Patrick Bumpus's application to proceed without prepaying the filing fee and ordered him to pay the full $402 fee within 30 days. In addition to requiring this payment, the Court ordered Plaintiff to show cause why this civil rights case should not be dismissed with prejudice as a sanction for his false allegation of poverty. (*Id.* at 3–5.)

As set out in the September 22 Order, when a court has granted authorization to proceed as a pauper to a plaintiff whose allegation of poverty is determined to be untrue, dismissal is required under the mandatory language of the in forma pauperis statute. (*Id.* at 4 (quoting 28 U.S.C. § 1915(e)(2)(A) and *Johnson v. Working Am.*, No. 1:12cv1505, 2013 WL 3822232, at *3 (N.D. Ohio July 23, 2013).) Moreover, where it appears from the face of a pro se plaintiff's filings that he has deliberately misrepresented his financial condition to obtain pauper status, the plaintiff may properly be required to explain his conduct, given Federal Rule of Civil Procedure Rule 11(b)'s recognition that an unrepresented party, by filing any document with the Court, certifies that his filing is not offered for an improper purpose and is not based on factual contentions that lack

evidentiary support. Fed. R. Civ. P. 11(b)(1), (3). The Court notified Plaintiff that such an explanation was required here, giving him 30 days to respond.

More than 30 days have passed since the Court ordered Plaintiff to pay the filing fee and explain why his case should not be dismissed with prejudice, and nothing has been paid or filed. The case is thus subject to involuntary dismissal under Federal Rule of Civil Procedure 41(b) for "fail[ure] to prosecute or to comply with . . . a court order," and pursuant to the Court's "well settled . . . authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013). Under Rule 41(b), dismissal for failure to prosecute can be either with or without prejudice. Plaintiff's pro se status, combined with the preference for disposing of cases on their merits, would ordinarily dispose the Court toward dismissal without prejudice, *see Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2011), but for Plaintiff's failure to even attempt to explain what appears to be fraudulent, sanctionable conduct on his part.

Dismissal with prejudice is an appropriate sanction where the pro se plaintiff has deliberately concealed income in a bad-faith attempt to avoid prepaying the filing fee. *Vann v. Comm'r of N.Y. City Dep't of Corr.*, 496 F. App'x 113, 115 (2d Cir. 2012); *Thomas v. General Motors Acceptance Corp.*, 288 F.3d 305, 306–07 (7th Cir. 2002); *Thompson v. Carlson*, 705 F.2d 868, 869 (6th Cir. 1983) (per curiam); *Emrit v. Yahoo! Inc.*, No. C 13-5951 SBA, 2014 WL 3841015, at *3 (N.D. Cal. Aug. 4, 2014) (citing cases). In this case, as recited in the Court's September 22 Order, Plaintiff's filings reveal his deliberate, bad-faith concealment of income:

> As revealed in his amended IFP application, Plaintiff received a deposit [of government stimulus payments] in his inmate trust fund account on May 5, 2021, in the amount of $3,201.04. Fifty-one days later, on June 25, 2021, he declared to this Court under penalty of perjury that he had no funds or assets or any kind, but only liabilities (Doc. No. 2 at 2–3, 8–11), and attempted to substantiate this declaration by reference to an altered account certification and a six-month statement that predated his receipt of government stimulus payments. Even after receiving the disqualifying documentation of his robust account balance and

providing it to the Court as ordered, Plaintiff continues to seek pauper status upon the declaration—again under penalty of perjury—that he is unable to prepay the filing fee, while for the first time disclosing additional liabilities related to child support. (Doc. No. 11 at 1–2.)

(Doc. No. 12 at 3–4.) Based on Plaintiff's filings, the Court finds that he engaged in sanctionable misconduct by falsely claiming poverty for the improper purpose of avoiding payment of a filing fee he could afford to pay, which he then failed to explain when given the opportunity. Fed. R. Civ. P. 11(b)–(c). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated," sanctions may be imposed *sua sponte*. Fed. R. Civ. P. 11(c)(1), (3).

Accordingly, this case is **DISMISSED WITH PREJUDICE** as a sanction for Plaintiff's false allegation of poverty, pursuant to Federal Rule of Civil Procedure 11.

The filing fee must be assessed against the prisoner in this circumstance. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997) ("If the prisoner does not comply with the district court's directions, the district court shall presume that the prisoner is not a pauper, and assess the inmate the full amount of fees."). Accordingly, the entire $402 fee is hereby **ASSESSED**, as follows:

The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $402 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

IT IS SO ORDERED.

_Eli Richardson_

ELI RICHARDSON
UNITED STATES DISTRICT JUDGE